UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FAREED SEPEHRY-FARD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DEPUTY H. LEE et al.,<br><br>　　　　Defendant. | Case No. 5:20-cv-03585-EJD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S IFP APPLICATION**<br><br>Re: Dkt. No. 15 |

Before the Court is pro se Plaintiff Fareed Sepehry-Fard's motion for leave to proceed in forma pauperis ("IFP"). *See* Dkt. 4. This Court previously granted in part and denied in part Plaintiff's IFP application. *See* Dkt. 13. The Court found that Plaintiff's Section 1983 claims against Defendants Deputy H. Lee, Deputy McRoberts, and Sheriff Laurie Smith (the "Sheriff Defendants") could proceed. However, Plaintiff's claims against Defendants Amar R. Patel, Nationstar Mortgage LLC, Jan T. Chilton, Josheph W. Guzzetta, Adam N. Barasch, Bernard J. Kornberg, and Serverson & Werson, APC (the "Bank Defendants") failed to state a claim.

Plaintiff has now filed a first amended complaint. Because the Court has already found the claims asserted against the Sherriff Defendants may proceed, the Court only addresses whether the amended complaint states a claim against the Bank Defendants. As an aside, Plaintiff *again* wants the Court to enforce his "non-judicial judgment" of $300 million. His non-judicial judgment is his own affidavit, which he argues has the force of a court judgment because it is a notarized. Plaintiff is again advised that his affidavits are not equivalent to a judgment and do not automatically entitle him to his requested relief.

Case No.: 5:20-cv-03585-EJD
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S IFP APPLICATION

1

Plaintiff's application to proceed IFP establishes inability to pay court filing fees. Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the Court if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc). A complaint is frivolous for purposes of 28 U.S.C. § 1915(e)(2)(B) if it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Similarly, a complaint fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) unless it includes sufficient facts that, if accepted as true, state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

As this Court already noted, Plaintiff is an active litigant. He has filed numerous lawsuits, including at least five previous suits relating to the property at issue in this case (12309 Saratoga Creek Dr.). *See Sepehry-Fard, et al. v. U.S. Bank National Association, et al.*, Case No. 18-cv-00862-EJD (dismissing without leave to amend); *Sepehry-Fard v. Nationstar Mortgage LLC et al.*, Case No.14-cv-03218-LHK (N.D. Cal.) (dismissing without leave to amend); *Sepehry-Fard v. GreenPoint Mortgage Funding, Inc., et al.*, Case No. 13-cv-4535-EJD (N.D. Cal.) (dismissing without prejudice for lack of subject matter jurisdiction); *Sepehry-Fard v. Aurora Bank FSB et al.*, Case No. 12-cv-00871-EJD (N.D. Cal.) (dismissing with prejudice); *Sepehry-Fard v. Aurora Bank FSB*, No. 1-11-cv-209804 (Cal. Super. Ct.).

The validity of the mortgages attached to the 12309 Saratoga Creek Dr. property have thus been *extensively* litigated. For this reason, Plaintiff's amended complaint fails to escape the res judicata impacts of Plaintiff's prior litigation. Plaintiff cannot proceed with his claims related to the 12309 Saratoga Creek Dr. property *or* any mortgages attached thereto due to the operation of preclusions doctrines. *Fed'n of Hillside & Canyon Ass'ns v. City of L.A.*, 24 Cal. Rptr. 3d 543, 558 (Cal. Ct. App. 2004) ("Res judicata bars the litigation not only of issues that were actually

litigated but also issues that could have been litigated."). While Plaintiff argues that Defendants Amar R. Patel and Nationstar Mortgage LLC have been "financing the unlawful racket and conduct" toward Plaintiff, Plaintiff does not plead facts to specifically allege what unlawful actions these Defendants have done. *See* Fed. R. Civ. P. 8 (bare legal conclusions, without plausible facts, are insufficient to state a claim). Accordingly, Defendants Amar R. Patel and Nationstar Mortgage LLC are dismissed from this action **without leave to amend**.

Plaintiff's claims against Defendants Jan T. Chilton, Jospeh W. Guzzetta, Adam N. Barasch, Bernard J. Kornberg, and Serverson & Werson, APC still fail—they do not state a claim. Plaintiff asserts various conspiracy allegations against these Defendants. However, Plaintiff fails to provide *any* detail as to how the Defendants conspired against him. *See Ashcroft*, 556 U.S. at 678. The Court advised Plaintiff that failure to correct his deficient pleading would result in these Defendants being dismissed without leave to amend. Because the amended pleading does not add any actual allegations to support Plaintiff's conspiracy claim, the Bank Defendants are dismissed from this action **without leave to amend.**

For the foregoing reasons, Plaintiff's IFP application is **GRANTED in part and DENIED in part**. The Bank Defendants are **DISMISSED** from this action without leave to amend. The Marshal shall affect service of process on the Sheriff Defendants of the First Amended Complaint. The Court again advises Plaintiff to seek legal representation or advice in this matter.

**IT IS SO ORDERED.**

Dated: July 13, 2020

EDWARD J. DAVILA
United States District Judge

Case No.: 5:20-cv-03585-EJD
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S IFP APPLICATION
3