UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FAREED SEPEHRY-FARD,<br>　　　　Plaintiff,<br>　　v.<br>H. LEE, et al.,<br>　　　　Defendants. | Case No. 5:20-cv-03585-EJD<br><br>**ORDER GRANTING DEFENDANTS'**<br>**MOTION TO DISMISS**<br><br>Re: Dkt. No. 35 |

This matter comes before the Court for consideration of the Motion to Dismiss filed by Defendants Santa Clara County Sherriff Laurie Smith ("Smith"), Detective Michael McRoberts ("McRoberts"), and Deputy Hakeem Lee ("Lee") (collectively the "Santa Clara County Defendants"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds the motion suitable for disposition without oral argument. *See* Civ. L.R. 7-1(b). Accordingly, the Court **VACATED** the hearing scheduled for May 13, 2021 and **GRANTS** the Santa Clara County Defendants' Motion to Dismiss.

**I.  RELEVANT PROCEDURAL AND FACTUAL BACKGROUND**

On May 29, 2020, Plaintiff Fareed Sepehry-Fard, proceeding *pro se*, filed a Complaint against the Santa Clara County Defendants and a number of other parties. *See* Complaint, Dkt. No. 1. Plaintiff later submitted an application to proceed in forma pauperis ("IFP"), and on June 19, 2020, the Court issued an Order granting in part and denying in part Plaintiff's IFP Application ("IFP Order"). *See* Dkt. No. 13. The Court noted in its IFP Order that Plaintiff's

Case No.: 5:20-cv-03585-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

1

Complaint appeared "to be seeking relief under Section 1983" against the Santa Clara County Defendants. IFP Order at 1. The Complaint also alleged a conspiracy amongst various debt collectors related to a Saratoga, California property (12309 Saratoga Creek Dr.) at issue. *Id*. Lastly, Plaintiff requested for the Court to enforce Plaintiff's "non-judicial judgment" of $300 million.[1] *See* Dkt. No. 1. Plaintiff is an active litigant in this Court. He has filed numerous lawsuits, including at least five previous suits relating to the 12309 Saratoga Creek Dr. property at issue. *See Sepehry-Fard, et al. v. U.S. Bank National Association, et al.*, Case No. 18-cv-00862-EJD (dismissing without leave to amend); *Sepehry-Fard v. Nationstar Mortgage LLC et al.*, Case No.14-cv-03218-LHK (N.D. Cal.) (dismissing without leave to amend); *Sepehry-Fard v. GreenPoint Mortgage Funding, Inc., et al.*, Case No. 13-cv-4535-EJD (N.D. Cal.) (dismissing without prejudice for lack of subject matter jurisdiction); *Sepehry-Fard v. Aurora Bank FSB et al.*, Case No. 12-cv-00871-EJD (N.D. Cal.) (dismissing with prejudice); *Sepehry-Fard v. Aurora Bank FSB*, No. 1-11-cv-209804 (Cal. Super. Ct.).

    The Court informed Plaintiff that he could not proceed with his claims related to the 12309 Saratoga Creek Dr. property or any mortgages thereto due to the rulings in his previous actions and the preclusion doctrines. *See Fed'n of Hillside & Canyon Assns. v. City of Los Angeles*, 126 Cal. App. 4th 1180, 24 Cal. Rptr. 3d 543, 558 (2004) ("Res judicata bars the litigation not only of issues that were actually litigated but also issues that could have been litigated."). Named defendants, Amar R. Patel and Nationstar Mortgage LLC were dismissed from the action. *See* IFP Order at 2. Nonetheless, the Court found Plaintiff's Complaint to contain sufficient facts, taken as true, to state viable Section 1983 claims against the Santa Clara County Defendants and allowed them to proceed. *Id*. at 3. The Court also granted Plaintiff leave to amend for Plaintiff to provide details of how the other defendants, Jan T. Chilton, Joseph W. Guzzetta, Adam N. Barasch, Bernard J. Kornberg, and Serverson & Werson, APC (the "Bank Defendants") conspired against

---

[1] Plaintiff's non-judicial judgment is his own affidavit, which he argues has the force of a court judgment because it is notarized. The Court advised Plaintiff that his affidavits are not equivalent to a judgment and do not automatically entitle him to his requested relief. *See* IFP Order at 1.

Case No.: 5:20-cv-03585-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
2

him. *Id*. at 2-3.

Plaintiff then filed the operative First Amended Complaint against the same defendants. *See* First Amended Complaint ("FAC"), Dkt. No. 15. In a subsequent Order granting in part and denying in part Plaintiff's IFP Application ("IFP Order II"), the Court found that Plaintiff's FAC did not add any actual allegations to support Plaintiff's conspiracy claim against the Bank Defendants. *See* Dkt. No. 16. The Court dismissed the Bank Defendants from this action without leave to amend. *Id*. at 3. Thus, the Santa Clara County Defendants are the only defendants remaining in this case.

As to the Santa Clara County Defendants, the exact claims are difficult to discern from Plaintiff's FAC. The factual allegations with respect to Detective McRoberts and Deputy Lee focus on a February 2020 incident in which Plaintiff alleges the two "savagely attacked," "kidnapped[,] and tortured him," without cause, and at the instruction of defendants Guzzetta, Barasch, Chilton, Kornberg, and Severson. FAC ¶¶ 53-55, 62. Plaintiff alleges that both Detective McRoberts and Deputy Lee did the following: approached him, attempted to speak with him, stopped him from recording them, twisted his left and right arms, put handcuffs on him, and kidnapped him. *Id*. ¶¶ 43–47. He further alleges that Deputy Lee tied his left hand to a chair with "sever [sic] and unwarranted force." *Id*. ¶ 48. While his left hand was tied to the chair—he had heart palpitations, experienced anxiety, demanded to speak with a senior officer, and told Detective McRoberts and Deputy Lee that he needed to take prescribed medications to ease the pain they had caused. *Id*. ¶¶ 49-50. Detective McRoberts allegedly did not pay attention to Plaintiff and did not allow him to take his prescribed medications. *Id*. ¶ 50. Plaintiff claims "he required serious medical needs caused by the two servant deputies" because of "their deliberate indifference to the Plaintiff's serious medical needs." *Id*. He also claims that he had "heart palpations [sic], anxiety, sickness and weakness due to [his] diabetic conditions [sic] among others." *Id*. ¶ 51. Plaintiff separately alleges that Detective McRoberts and Deputy Lee violated his rights to "life, liberty, pursuit of happiness and [his] inalienable rights to [his] private property" by "ceasing and searching" his wallet and phone, without just cause and "in violation of the Eighth

Case No.: 5:20-cv-03585-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
3

Amendment's proscription against cruel and unusual punishment." *Id*. ¶ 50.

With respect to Sheriff Smith, Plaintiff asserts that Sheriff Smith had already agreed and stipulated with him that each violation of his constitutional rights is valued at $100,000,000, payable to him on demand, without delay. *Id*. ¶ 58. Plaintiff also alleges that Sheriff Smith along with Detective McRoberts and Deputy Lee were directly and indirectly incentivized by the Bank Defendants to "harass, intimidate, demonize, stalk, threaten, kidnap, torture, physically restrain and attack Plaintiff." *Id*. ¶ 62.

In addition to these specific allegations, Plaintiff also includes general allegations applied to all the named defendants such as the violation of his inalienable rights to private land through multiple racketeering acts, *id*. ¶ 65, the defendants agreeing to owe him a minimum of $300,000,000, but refusing to pay it back, *id*. ¶¶ 74, 76, and defendants continuing their malicious and unlawful actions, with deliberate indifference to his medical needs and despite knowing he had become disabled, *id*. ¶ 150.

The Santa Clara County Defendants filed a Motion to Dismiss the FAC pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Motion to Dismiss ("Mot."), Dkt. No. 35. Plaintiff filed an Opposition ("Opp'n") to the motion to dismiss to which the Santa Clara County Defendants replied ("Reply"). *See* Dkt. Nos. 36, 38.[2] The Court now considers the Motion to Dismiss.

---

[2] Plaintiff also filed a request for judicial notice in support of his Opposition. *See* Dkt. No. 39. Plaintiff requests that the Court take notice of what he represents to be "certified copies of the original 13th Amendment ratified in 1812 and never overturned" and an Affidavit asserting that Plaintiff is a United States Citizen. Federal Rule of Evidence 201(b) permits a court to take judicial notice of an adjudicative fact "not subject to reasonable dispute," that is "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Based on his request for judicial notice, it appears that Plaintiff is requesting the Court take judicial notice that there exists an "Original 13th Amendment" ratified in 1812 and strike the Santa Clara County Defendant's Motion to Dismiss because their motion was submitted by "British Accreditation Registry" agents representing the Santa Clara County Defendants. First, the Court notes that this matter is not properly subject to judicial notice and for this reason **DENIES** the request. Moreover, these are not facts that are either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). A court may not take judicial notice of a matter that is in dispute. *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001). The Court also declines to take judicial notice of Plaintiff's Affidavit asserting that he is a United States Citizen because this is not necessary to consider for the Court's analysis.

Case No.: 5:20-cv-03585-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
4

## II. LEGAL STANDARD

Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint need not contain detailed factual allegations, facts pleaded by a plaintiff must be "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter that, when accepted as true, states a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although this standard is not a probability requirement, "where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (internal quotation marks and citation omitted).

*Pro se* pleadings, however, are held to a less stringent standard than those drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the nonmoving party. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Still, even *pro se* pleadings "must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

## III. DISCUSSION

Even applying the liberal pleading standard appropriate for a *pro se* litigant, Plaintiff's FAC does not describe any discernable legal cause of action. Although the Court believed that Plaintiff was seeking relief under Section 1983, Plaintiff explicitly rejected the notion that his claims arise under 42 U.S.C. § 1983 in his Opposition, stating that the "violations . . . are over and above § 1983 violations." *See* Opp'n ¶¶ 1, 22. Instead, Plaintiff asserts in his Opposition that his claims against the Santa Clara County Defendants are based on the Fourth Amendment of the U.S.

Case No.: 5:20-cv-03585-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
5

Constitution. *Id*. at ¶¶ 1, 13, 22, 31. Plaintiff's FAC, however, only mentions the Fourth Amendment once—in a footnote that purports to define "[i]nalienable rights" and which does not mention the Santa Clara County Defendants. FAC ¶ 39, n.6. Because a court may not look beyond the complaint to a plaintiff's moving papers, the exact nature of Plaintiff's claims against the Santa Clara County Defendants as asserted in the FAC remain unclear. *See, e.g.*, *Schneider v. California Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.") (emphasis in original).

Plaintiff's FAC also lacks any comprehensible facts that could give rise to a cause of action against Sheriff Smith. Plaintiff attempts to cure this deficiency in his Opposition by offering various characterizations of his allegations against Sheriff Smith that have no basis in the FAC. For instance, Plaintiff contends in his Opposition that Sheriff Smith violated his Fourth Amendment rights by failing to conduct or be aware of her official duties, Opp'n ¶¶ 14, 25, 32; engaging in or orchestrating "racketeering activities," *id*. ¶¶ 15, 21; "fail[ing] her duties to educate" or train her deputies, *id*. ¶¶ 19, 26; and participating in a "clear conspiracy and policy [whether written or not] to harass, intimidate, demonize and stalk Plaintiff," *id*. ¶ 23 (brackets in original). Plaintiff does not address the absence of any such factual allegations from the FAC. Indeed, in arguing that he states a plausible Fourth Amendment claim against Sheriff Smith, he cites twenty-two paragraphs of the FAC—none of which mention Sheriff Smith or the Fourth Amendment. *See id*. ¶ 14 (quoting FAC ¶¶ 160–82). Rather, the FAC allegations Plaintiff cites focus on the purported misconduct of the dismissed Bank Defendants and their alleged "armed militants" and "mercenaries"—whom Plaintiff alleges include "two deputies, the Sheriff [d]efendants and their co parties [sic] agents," but none of whom he names. *See* FAC ¶¶ 160-82.

Moreover, Plaintiff has failed to adequately allege that Sheriff Smith personally participated in an alleged deprivation of his constitutional rights. *See Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("A supervisor is

Case No.: 5:20-cv-03585-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
6

only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them."). The FAC only provides conclusory allegations that the dismissed Bank Defendants "bribed" or "incentivized" Sheriff Smith to "harass, intimidate, demonize, stalk, threaten, kidnap, torture, physically restrain, and attack" him. FAC ¶¶ 62, 79, 212. Without more, Plaintiff's allegations against Sheriff Smith cannot survive.

Plaintiff's remaining general allegations asserted against all defendants fare no better. The general allegations fail to indicate which claims, if any, are being asserted against which defendants. *See, e.g., id*. ¶¶ 65 (alleging violation of Plaintiff's "inalienable rights to his private land . . . through multiple racketeering acts" by all defendants); ¶¶ 74, 76 (alleging that all defendants owe Plaintiff $300 million but refuse to pay him); ¶ 150 (alleging that all defendants "knew Plaintiff has become disabled . . . but they have continued with their malicious and unlawful actions to this date, with deliberate indifference to Plaintiff [sic] serious medical needs"). As such, the Court finds that Plaintiff's allegations are incomprehensible, and the Court cannot conclude they state a claim for relief. "Rule 8(a) has 'been held to be violated by a pleading that . . . was highly repetitious, or confused, or consisted of incomprehensible rambling.'" *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys.*, *Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (quoting § 1217 Statement of the Claim— "Short and Plain", 5 Fed. Prac. & Proc. Civ. § 1217 (3d ed.)).

## IV.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Santa Clara County Defendants' Motion to Dismiss. Plaintiff's First Amended Complaint, however, is dismissed with leave to amend. If Plaintiff still wishes to pursue this action, Plaintiff may file a second amended complaint within 21 days of this Order that addresses the deficiencies identified herein. The Court exhorts Plaintiff to redraft his complaint with simplicity, setting forth with specificity the material disputes and legal claims he is asserting against the Santa Clara County Defendants so that the Court may adjudicate the merits of his claims. The Plaintiff is reminded that the Court has already dismissed the Bank Defendants (Jan T. Chilton, Joseph W. Guzzetta, Adam N. Barasch, Bernard J.

Case No.: 5:20-cv-03585-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
7

Kornberg, and Serverson & Werson, APC) and Amar R. Patel and Nationstar Mortgage LLC from this action. If he does not file a second amended complaint, the Court will assume that Plaintiff has abandoned the case.

**IT IS SO ORDERED.**

Dated: May 26, 2021

EDWARD J. DAVILA
United States District Judge