UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FAREED SEPEHRY-FARD,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>H. LEE, et al.,<br><br>　　　　Defendants. | Case No.　5:20-cv-03585-EJD<br><br>**ORDER GRANTING THE COUNTY DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 54, 55, 56 |

　　　　Before the Court is Santa Clara County Sherriff Laurie Smith, Deputy H. Lee, Deputy Michael McRoberts, and Deputy Hakeem Lee's ("the County Defendants") motion to dismiss Plaintiff Fareed Sepehry-Fard's Second Amended Complaint ("SAC"). Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint ("Mot."), Dkt. No. 54. Plaintiff filed an opposition,[1] and the County Defendants filed a reply. Opposition and Response to Defendants' Motion to Dismiss ("Opp."), Dkt. No. 60; Defendants' Reply Brief in Support of Their Motion to

---

[1] Plaintiff filed a Motion to Strike parts of the County Defendants' motion to dismiss pursuant to the Thirteenth Amendment. *See* Dkt. No. 55. The Thirteenth Amendment, which abolished slavery within the United States, is not applicable to this case. The Thirteenth Amendment cited by Plaintiff is not an amendment to the United States Constitution—rather, it was a proposed amendment. Plaintiff's motion to strike is **DENIED.**

Plaintiff also filed an administrative motion for leave to respond to the County Defendants' motion to dismiss. *See* Dkt. No. 56. Under this Court's local rules, a plaintiff does not need leave to file an opposition. *See* N.D. Cal. Civ. L.R. 7-3(a). Pursuant to Local Rule 7-3(a), Plaintiff was able to file an opposition to the County Defendants' motion to dismiss. *See* Dkt. No. 60. The Court thus **TERMINATES** Plaintiff's administrative motion for leave to respond to the County Defendants' motion to dismiss.

1  Dismiss ("Reply"), Dkt. No. 61.  For the foregoing reasons, the Court **GRANTS** the County

2  Defendants' motion to dismiss **without leave to amend.**

### I.    BACKGROUND

On May 29, 2020, Plaintiff, proceeding *pro se*, filed a complaint against the County Defendants and other parties.  *See* Complaint, Dkt. No. 1.  Plaintiff later submitted leave to proceed *in forma pauperis* ("IFP"), which this Court granted in part and denied in part.  *See* Dkt. No. 13.  The Court allowed Plaintiff's 42 U.S.C. § 1983 claims to proceed against the County Defendants but dismissed Plaintiff's claims related to the 12309 Saratoga Creek Dr. property.  *Id.*  The Court allowed Plaintiff to amend his claim that Defendants Jan T. Chilton, Joseph W. Guzzetta, Adam N. Barasch, Bernard J. Kornberg, and Severson & Werson ("the Bank Defendants") conspired against him.  *Id.* at 2–3.

Plaintiff filed a first amended complaint.  In a subsequent IFP order, the Court found that Plaintiff's first amended complaint did not add any actual allegations to support Plaintiff's conspiracy claims against the Bank Defendants.  *See* Dkt. No. 16.  The Court dismissed the Bank Defendants from this action without leave to amend.  *See id.* at 3.

On February 16, 2021, the County Defendants moved to dismiss the first amended complaint under Federal Rule of Civil Procedure 8(a) on the grounds that Plaintiff's allegations did not provide adequate notice.  The Court granted the motion and dismissed the first amended complaint.  The Court agreed that "the exact claims [were] difficult to discern from" the first amended complaint, and that the complaint did "not describe any discernable cause of action."  Dkt. No. 46 at 3, 5.  The Court also noted that while it "had believed Plaintiff was seeking relief under Section 1983, Plaintiff explicitly rejected [that] notion" by only asserting claims under the Fourth Amendment of the United States Constitution.  *Id.* at 5–6.  The Court thus granted the County Defendants' motion to dismiss with leave to amend.

Plaintiff thereafter filed his SAC.  *See* Dkt. No. 47.  Unlike the prior complaints, which did not specify any cause of action, the SAC names twelve causes of action, including several under § 1983.

Case No.: 5:20-cv-03585-EJD
ORDER GRANTING THE COUNTY DEFENDANTS' MOTION TO DISMISS
2

Plaintiff alleges that on February 20, 2020, Defendants McRoberts and Lee approached him at 55 West Younger Avenue in San Jose, where the Sheriffs' Office is located. SAC ¶ 33; *see also* Fed. R Evid. 201(b)(2) (allowing a Court to take judicial notice that 55 West Younger Avenue is the Sheriff's headquarters because "it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"). Plaintiff alleges that McRoberts and Lee "became aggressive towards [him]" and that Plaintiff "started to audio or video them at or about 11:22 a.m." SAC ¶ 33. McRoberts then seized Plaintiff's phone without cause and stopped Plaintiff from taking audio or video recordings. SAC ¶ 35. He alleges that McRoberts and Lee then "twisted" his arms, handcuffed him, and "kidnapped" him. SAC ¶¶ 36–37. Once there, Plaintiff alleges that Lee "tied [his] left hand to a chair with severe and unwanted force," damaging his hand and prompting "severe heart palpitations [sic]" and "anxiety." SAC ¶¶ 38, 40.

Plaintiff also alleges that he informed McRoberts and Lee of his need to take his prescribed medications and that his requests were ignored. SAC ¶¶ 41–42, 50. While Plaintiff was restrained, he alleges that McRoberts searched his wallet without "any court order." SAC ¶ 45. Less than an hour after being detained, Plaintiff was released. SAC ¶ 55. He alleges that as a result of his detention, he "was forced to go to the emergency hospital due to the severe pain and suffering these two public servants . . . caused." SAC ¶ 58.

Plaintiff further alleges that Defendant Smith is liable for "failure to train" her staff, specifically her staff's "poor knowledge of the law." SAC ¶ 63. Plaintiff contends that Smith was aware that Plaintiff was questioned by several of her employees, who did not "k[now] how many amendments were in the constitution," and that Plaintiff has "provided ample time and notice to Smith to educate her staff regarding the constitution, [and] its amendments." SAC ¶¶ 70, 72. Plaintiff contends that Smith was aware that McRoberts and Lee were "ignorant of their mandatory duties related to the Oath they had taken." SAC ¶ 68.[2]

---

[2] Plaintiff also alleges that about five years ago, unidentified agents of Defendant Smith commenced a campaign of "harassment, intimidation, demonization, [and] stalking" of Plaintiff. SAC ¶ 111. There are no allegations that connect this to the alleged February 20, 2020 incident. The Court thus does not address these allegations as they have no relevance to the case at hand.

Case No.: 5:20-cv-03585-EJD
ORDER GRANTING THE COUNTY DEFENDANTS' MOTION TO DISMISS
3

Plaintiff alleges that as a result of the County Defendants' conduct, he suffered economic, physical, and emotional damage. SAC ¶¶ 81–82. Plaintiff continues to cite his own affidavit, which he considers a "non-judicial judgment" that supports his allegations. SAC ¶ 89; *see also* SAC ¶ 106 (requesting the Court to enforce his non-judicial judgment).

## II.      LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must plead "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1042 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). Dismissal for failure to state a claim is "proper only where there is no cognizable legal theory, or an absence of sufficient facts alleged to support a cognizable legal theory." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). That is, a complaint can only survive a motion to dismiss for failure to state a claim "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

In testing the sufficiency of a complaint, "the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994); *see also Iqbal*, 556 U.S. at 678 (complaint does not suffice when "it tenders naked assertions devoid of further factual enhancement" (quotation marks and citation omitted)).

A complaint drafted by a *pro se* plaintiff is held to a less stringent standard than a formal pleading drafted by a lawyer. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, a court need not give *pro se* plaintiffs "the benefit of every conceivable doubt" and should only draw reasonable factual inferences in their favor. *McKinney v. De Bord*, 507 F.2d 501, 504 (9th Cir. 1974). A court also may not "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### III.     DISCUSSION

#### A.   Causes of Action One, Four, and Six–Eleven

Pursuant to this Court's prior orders, Plaintiff is only authorized to pursue claims arising under 42 U.S.C. § 1983. Plaintiff's first, fourth, sixth, seventh, eighth, ninth, tenth, and eleventh causes of action are not § 1983 claims. Plaintiff's causes of action now include not only his alleged Fourth Amendment claims arising under § 1983, but also claims for violations of California's Unfair Competition Law (first cause of action); familial deprivation under the Fourteenth Amendment to the United States Constitution (fourth cause of action); conspiracy to violate civil rights under 42 U.S.C. § 1985 (sixth cause of action); violation of the Tom Bane Civil Rights Act, Cal. Civ. Code § 52.1 (seventh cause of action); assault and battery (eighth cause of action); intentional infliction of emotional distress (ninth cause of action); negligence (tenth cause of action); and violation of the Eighth Amendment of the United States Constitution and Article I, Sections 7 and 17 of the California Constitution (eleventh cause of action).

Because this Court has limited the permissible scope of amendment to § 1983 claims that arise under the Fourth Amendment, see Dkt. No. 46 at 5–6, the Court **DISMISSES** Plaintiff's first, fourth, sixth, seventh, eighth, ninth, tenth, and eleventh causes of action. *See Bernstein v. U.S. Dep't of Hous. & Urban Dev.*, 2021 WL 121125, at *2 (N.D. Cal. Jan. 13, 2021) ("The Court has a continuing duty to dismiss any case in which a party is proceeding in forma pauperis upon a determination that the case is . . . fails to state a claim on which relief may be granted . . . ."); *see also Andre v. Bank of Am., N.A.*, 2015 WL 2194187, at *2 (N.D. Cal. May 8, 2015) ("And there is no suggestion in this court's previous order granting dismissal with leave to amend *that amendment could include claims outside those initially pleaded*.  On this basis alone, these new claims are barred . . . ." (citing Fed. R. Civ. P. 15(a)) (emphasis added)); *DeLeon v. Wells Fargo Bank, N.A.*, 2010 WL 4285006, at *3 (N.D. Cal. Oct. 22, 2010) ("In cases like this one, however, where leave to amend is given to cure deficiencies in certain specified claims, courts have agreed that new claims alleged for the first time in the amended pleading should be dismissed or stricken." (collecting cases)); *PB Farradyne, Inc. v. Peterson*, 2006 WL 2578273, at *3 (N.D. Cal.

1  Sept. 6, 2006) (striking new theory of liability in amended pleading without leave to amend

2  because the theory was outside the scope of the prior leave to amend).

### B. Causes of Action Two, Three, Five, and Twelve

Having dismissed Plaintiff's first, fourth, sixth, seventh, eighth, ninth, tenth, and eleventh causes of action, only four causes of action remain—the second cause of action (§ 1983 claim for excessive force arising under the Fourth Amendment), the third cause of action (§ 1983 claim for denial of medical care arising under the Fourth Amendment), the fifth cause of action (§ 1983 claim for *Monell* liability against Defendant Smith), and the twelfth cause of action (§ 1983 claim against Defendant Smith for failure to train).

#### 1. Second Cause of Action

The County Defendants argue that Plaintiff's second cause of action for excessive force under the Fourth Amendment should be dismissed as to Defendant Smith because Plaintiff does not plead that Smith was personally involved in the allegedly unconstitutional activity. Reply at 4. The County Defendants do not argue that Plaintiff's second cause of action fails to state a claim against Defendants McRoberts and Lee. *See* Mot. at 9–10; Reply at 4–5.

"Under Section 1983, supervisory officials are not liable for actions of subordinates on any theory of vicarious liability." *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (quotation marks and citations omitted). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Id.* (quotation marks and citation omitted). The latter theory requires that "supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." *Id.* (quotation marks and citation omitted).

Plaintiff's allegations do not connect Defendant Smith to the alleged Fourth Amendment violation. Allegations that Defendant Smith knew her that her employees did not know the amendments in the Constitution neither demonstrates personal involvement in the alleged incident nor identifies an unconstitutional policy. *See* SAC ¶ 70; Opp. at 13. Likewise, Plaintiff's bare

Case No.: 5:20-cv-03585-EJD
ORDER GRANTING THE COUNTY DEFENDANTS' MOTION TO DISMISS
6

allegations that McRoberts and Lee's conduct was the result of Defendant Smith's alleged failure to train are insufficient. *See* SAC ¶ 174; *see also Davis v. City of Ellensburg*, 869 F.2d 1230, 1233 (9th Cir. 1989) ("A plaintiff cannot prove the existence of a *municipal* policy or custom based solely on the occurrence of a single incident of unconstitutional action by a non-policymaking employee." (collecting cases)); *Iqbal*, 556 U.S. at 678. The Court **DISMISSES** Plaintiff's second cause of action as to Defendant Smith.

### 2. Third and Twelfth Causes of Action

The County Defendants argue that Plaintiff's third cause of action for denial of medical care under the Fourth Amendment and twelfth cause of action for failure to train under the Fourth Amendment also fail to state a claim against Defendant Smith. The County Defendants do not argue that Plaintiff's third cause of action fails to state a claim against Defendants McRoberts and Lee. *See* Mot. at 10–11; Reply at 6.

Plaintiff's third cause of action for denial of medical care is brought under § 1983 and purportedly arises under the Fourth Amendment. SAC ¶ 184. The claim is premised on Plaintiff's allegations that McRoberts and Lee purposefully denied him medical treatment. SAC ¶¶ 184–85. Plaintiff offers no allegations regarding Defendant Smith's involvement in McRoberts and Lee's alleged conduct. For this reason, the Court **DISMISSES** Plaintiff's third cause of action as to Defendant Smith.

Plaintiff's twelfth cause of action for failure to train fails for the same reasons as Plaintiff's second cause of action. The claim is premised on Defendant Smith's purported "failure to provide adequate training" to McRoberts and Lee. SAC ¶ 322. However, Plaintiff does not allege any facts from which the Court could infer *which* training practice caused his injuries or that Defendant Smith was responsible for any alleged failure to train. *See supra*; *see also, e.g.*, *Gillette v. Delmore*, 979 F.3d 1342, 1348 (9th Cir. 1992), *overruled on other grounds by Castro v. Cnty. of L.A.*, 873 F.3d 1060, 1070 (9th Cir. 2016). For this reason, the Court **DISMISSES** Plaintiff's twelfth cause of action as to Defendant Smith.

### 3. Fifth Cause of Action

The County Defendants last argue that Plaintiff's fifth cause of action for *Monell* liability against Defendant Smith must be dismissed. Plaintiff alleges that "Defendant Smith bears liability because *[her]* policies, practices, and/or customs were a cause of Plaintiff's injuries." SAC ¶ 210 (emphasis added). *Monell* does not "concern liability of individuals acting under color of state law." *Guillory v. Cnty. of Orange*, 731 F.2d 1379, 1382 (9th Cir. 1984). Thus, Plaintiff's attempts to premise *Monell* liability on Defendant Smith's individual actions is misplaced.

Further, Plaintiff does not plausibly allege that Defendant Smith's conduct arose to the level of an "official policy" within the meaning of *Monell*. *See McKinley v. City of Eloy*, 705 F.2d 1110, 1116 (9th Cir. 1983) ("An action or policy can be 'official' if 'made by [the municipality's] law makers or by those whose edicts or acts may fairly be said to represent official policy.' Conversely, municipalities are not subject to section 1983 liability under a *respondeat superior* theory for the isolated torts of their employees." (quoting *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691 (1978))). Plaintiff only alleges that Defendant Smith "[e]mploy[ed] and retain[ed]" deputies, including McRoberts and Lee, and "[i]nadequately supervis[ed], train[ed], control[ed], assign[ed], and discipline[ed] County sheriff's deputies." SAC ¶ 213. Plaintiff also alleges that Defendant Smith maintained an "unconstitutional policy, custom and practice of detaining and arresting individuals . . . using excessive force." SAC ¶ 213. These allegations are too conclusory to establish liability under *Monell*. *See supra*. For these reasons, the Court **DISMISSES** Plaintiff's fifth cause of action.

### IV. CONCLUSION

When dismissing a complaint for failure to state a claim, a court should grant leave to amend "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). This complaint represents Plaintiff's third attempt at pleading viable causes of action, and in view of Plaintiff's repeated failure to cure the deficiencies identified by this Court, the foregoing dismissals are **with prejudice**. Defendant Smith is dismissed from this action. Plaintiff's second, third, and fourth

Case No.: 5:20-cv-03585-EJD
ORDER GRANTING THE COUNTY DEFENDANTS' MOTION TO DISMISS
8

causes of action may proceed against Defendants McRoberts and Lee.  Plaintiff is not permitted to file an amended complaint without leave of the Court or a stipulation by the parties.

The Case Management Conference set for January 13, 2022 is **CONTINUED** to March 17, 2022 at 10:00 a.m.  The Parties shall file a joint case management statement by March 7, 2022.

**IT IS SO ORDERED.**

Dated: December 27, 2021

EDWARD J. DAVILA
United States District Judge

Case No.: 5:20-cv-03585-EJD
ORDER GRANTING THE COUNTY DEFENDANTS' MOTION TO DISMISS
9